# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALESKA MARTINEZ, on behalf of herself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DIVERSIFIED CONSULTANTS, INC.,  and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, WALESKA MARTINEZ, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above- named Defendants, DIVERSIFIED CONSULTANTS, INC, (hereinafter "DIVERSIFIED") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.     The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply with the Act. *See* 15 U.S.C. 1692 *et seq.* Rosenau v Unifund Corp., 539 F.3d 218, 221 (3rd Cir. 2008); Brown v. Card Service Center, 464 F.3d 450, 453 (3rd Cir. 2006).

3.  Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See* Brown, 464 F.3d at 453; Matter of Stroh v Director, OWCP, 810 F.2d 61, 63 (3rd Cir. 1987).

4.  The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5.   The FDCPA is not concern with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6.  "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7.    Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8.    A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a).  The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9.    The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25, 118 S.Ct. 1777,  141 L.Ed.2d 10.

10.    Plaintiffs seek statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.   Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts

and transactions that give rise to this action occurred, in substantial part, in this district.

DEFINITIONS

13.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

PARTIES

14.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

15.     Plaintiff is a natural person and a resident of Union County in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

16.     DIVERSIFIED is a foreign corporation with its primary offices located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

17.     Upon information and belief, DIVERSIFIED is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

18.     DIVERSIFIED has attempted to collect a debt or obligation allegedly owed by Plaintiff to VERIZON.

19.     DIVERSIFIED regularly used the United States Postage Service in its attempts to collect debts due to others.

20.     DIVERSIFIED is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

21.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

<u>CLASS ACTION ALLEGATIONS</u>

22.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

23.    This Action is properly maintained as a class action. The Class consists of:

- All Union County, New Jersey consumers who sent initial collection letters and/or notices from the DIVERSIFIED concerning a debt owed or allegedly owed to VERIZON, which stated in part, "Calls to or from this company may be monitored or recorded" and also included a toll free telephone number.

- <u>The class definition may be subsequently modified or refined</u>.

- <u>The Class period begins one year to the filing of this Action</u>.

24.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.

These common questions of law and fact include, without limitation:

      a.      Whether the Defendant violated various provisions of the FDCPA including but not limited to:   Section § 1692g *et seq*.

      b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.   Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

25.     Sometime prior to September 19, 2017, Plaintiff allegedly incurred a financial obligation to VERIZON.

26.      The VERIZON obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27.     The VERIZON obligation did not arise out of a transaction in which money, property, insurance or services, which were not the subject of the transaction, are primarily for personal, family or household purposes.

28.     The VERIZON obligation did not arise out of a business transaction.

29.      The VERIZON obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

30.     VERIZON is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

31.      On or before September 19, 2017, Plaintiff's account with VERIZON became past due and was in default.

32.      On or before September 19, 2017, VERIZON referred Plaintiff's account with DIVERSIFIED for the purpose of collection.

33.    At the time VERIZON placed Plaintiff's account with DIVERSIFIED for the purpose of collection, the account was in default.

34.    On or before September 19, 2017, DIVERSIFIED caused to be mailed to Plaintiff a letter attempting to collect the alleged VERIZON debt.   A copy of said letter is annexed hereto as Exhibit A.

35.    Upon receipt, Plaintiff read said letter.

36.    The first sentence of the September 19, 2017, letter states:

> "This notice is to inform you that your account with
> VERIZON has been referred to our office for collection

37.    The second paragraph of the September 19, 2017 letter states in part:

> Unless you notify this office within 30 days after receiving this
> notice that you dispute the validity of this debt, or any portion
> thereof, this office will assume this debt is valid.

38.    The third paragraph of the September 19, 2017 letter states:

> "Calls to or from this company may be monitored or recorded."

39.    A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991) and *Caprio v. Healthcare Recovery Group, LLC*, 2013 WL765169 (3d. Cir. 2013).

## POLICIES AND PRACTICES COMPLAINED OF

40.    It is DIVERSIFIED's policy and practice to send initial written collection communications, in the forms annexed hereto as Exhibit A which violate the FDCPA, by *inter alia*:

    (a)    Including language or text that contradicts and/or overshadows the required debt collection notices;

    (b)    Using false representations or deceptive means to collect

or attempt to collect any debt.

41.     On information and belief, DIVERSIFIED sent a written communication, in the form annexed hereto as <u>Exhibit A</u> to at least 40 natural persons in Union County in the State of New Jersey.

<u>COUNT I</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692</u>
<u>VIOLATION OF 15 U.S.C. §1692g</u> *et seq.*

42.     Plaintiff repeats the allegations contained in paragraphs 1 through 31 as if the same were set forth at length.

43.     Collection letters and/or notices such as those sent by DIVERSIFIED, are to  be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44.     Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ---

45.     DIVERSIFIED's letter to Plaintiff, dated September 19, 2017 contained the required validation notice in the same paragraph with additional information directly below the notice, which would cause the least sophisticated consumer to become confused as to what she must do to effectively dispute the debt.

46.     The least sophisticated consumer upon reading the September 19, 2017 letter from DIVERSIFIED, will be confused as to the method required to effectively dispute the alleged

debt.

47.     Upon reading the September 19, 2017 letter from DIVERSIFIED, the least sophisticated consumer who wanted to dispute the validity of the debt, would believe that she should choose either to: (1) follow the instructions as set forth directly the validation notice to call the toll free number 800-604-0064, during the hours of operation as set forth in the notice; or (2) write to DIVERSIFIED at the address located at the bottom of the letter.

48.     A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) and *Caprio v. Healthcare Recovery Group, LLC*, 2013 WL765169 (3d. Cir. 2013).

47.     DIVERSIFIED violated Section 1692g *et seq.* of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to effectively dispute the alleged debt.

49.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

50.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

51.     Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

52.     The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

53.     The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

54.     Plaintiff has and will continue to suffer actual damages and other damages as

a direct result of DIVERSIFIED's actions, conduct, omissions and violations of the FDCPA described herein.

55.     Plaintiff suffered an informational injury due to DIVERSIFIED 's violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

56.     Plaintiffs suffered a risk of economic injury due to DIVERSIFIED's violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

57.     By reason thereof, DIVERSIFIED is liable to Plaintiff for declaratory judgment that DIVERSIFIED 's conduct violated Section 1692g et seq.*,* of the FDCPA, statutory damages, costs and attorneys' fees.

<u>COUNT II</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692</u>
<u>VIOLATION OF 15 U.S.C. § 1692e(10)</u>

58.     Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were here set forth at length.

59.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60.     DIVERSIFIED violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer who wanted to dispute the amount of the debt would believe that she should choose either to: (1) follow the instructions as set forth directly the validation notice to call the toll free number 800-604-0064, during the hours of operation as set forth in the notice; or (2) write to DIVERSIFIED at the address located at the bottom of the letter.

61.     Plaintiff and others similarly situated have suffered harm as a direct result of

the abusive, deceptive and unfair collection practices described herein.

62.      Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

63.      The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

64.      The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

65.      Plaintiff has and will continue to suffer actual damages and other damages as a direct result of DIVERSIFIED's actions, conduct, omissions and violations of the FDCPA described herein.

66.      Plaintiff suffered an informational injury due to DIVERSIFIED 's violation of  15 U.S.C. §1692e *et seq.*, of the FDCPA.

67.      Plaintiffs suffered a risk of economic injury due to DIVERSIFIED 's violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

68.      By reason thereof, DIVERSIFIED is liable to Plaintiff for declaratory judgment that DIVERSIFIED 's conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)   Issuing a preliminary and/or permanent injunction restraining Goldman, their employees, agents and successors from, *inter alia,* engaging in conduct and

practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring DIVERSIFIED to make corrective

disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff and the Class actual damages;

(f)     Awarding Plaintiff costs of this Action, including reasonable

attorneys' fees and expenses;

(g)     Awarding pre-judgment interest and post-judgment interest; and

(h)     Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.

Dated: November 21, 2017

/s/ Joseph K. Jones
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.


<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.


<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: November 21, 2017

<u>*s/ Joseph K. Jones*</u>
Joseph K. Jones, Esq.

# Exhibit

# A

SOUTHGATE, MI 48195-0391



DIVERSIFIED
CONSULTANTS, INC.

09/19/17

Creditor: VERIZON
Account Number: ▆▆▆▆▆
Agency Reference Number: ▆▆▆
Current Balance: $926.56

Waleska Martinez

This notice is to inform you that your account with VERIZON has been referred to our office for collections.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Diversified Consultants, Inc.
PO Box 551268
Jacksonville, FL 32255-1268
800-604-0064

 Toll Free: 800-604-0064

 **Hours of Operation:**
Monday – Thursday:   8 AM – 11 PM EST
Friday:   8 AM – 10 PM EST
Saturday:   9 AM – 4 PM EST

 **Pay Your Bill Online at:**
www.dcicollect.com

------------------------------------ Detach and Return with Payment ------------------------------------      00115

**To pay by credit card, please complete the information below:**

Check One:   ❑ VISA   ❑ MasterCard   ❑ AMEX   ❑ Check

Card Number: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐

Expiration Date: ☐☐☐☐   CCV#: ☐☐☐  Last 3 digits on back of card

Signature of Cardholder: _____

Cardholder Name: _____
Cardholder Billing Address:
_____
_____

Creditor: VERIZON
Account Number: ▆▆▆▆▆
Agency Reference Number: ▆▆▆
Current Balance: $926.56

**Amount Due: $926.56**

**Amount Submitted:**

$ ☐☐☐☐☐☐ . ☐☐

**Make Checks Payable to Verizon**

DIVERSIFIED CONSULTANTS, INC.
PO BOX 551268
JACKSONVILLE, FL 32255-1268

800-604-0064