**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| WALESKA MARTINEZ, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 17-11923 (ES) (JAD) |
| v. | OPINION |
| DIVERSIFIED CONSULTANTS, INC. and JOHN DOES 1-25, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This putative class action arises from alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (the "FDCPA"). (*See generally* D.E. No. 1, Complaint ("Compl.")). Before the Court is Defendant Diversified Consultants, Inc.'s ("Defendant's") motion to dismiss Plaintiff Waleska Martinez's ("Plaintiff's") Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 16). Having considered the parties' submissions,[1] the Court decides this matter without oral argument. *See* D.N.J. Civ. R. 78(b). For the reasons below, the Court GRANTS Defendant's motion to dismiss.

**I.      Background**

The Court will "set out facts as they appear in the Complaint . . . ." *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

---

[1] (*See generally* D.E. No. 14; D.E. No. 16-1 ("Def. Mov. Br."); D.E. No. 19 ("Pl. Opp. Br."); D.E. Nos. 23–29).

Before September 19, 2017, Plaintiff incurred a financial obligation to Verizon. (Compl. ¶ 25). On or before September 19, 2017, Plaintiff's account with Verizon became past due and entered default. (*Id.* ¶ 31). To collect on that debt, Verizon referred the financial obligation to Defendant. (*Id.* ¶ 32). On September 19, 2017, in an attempt to collect on the debt, Defendant sent a collection letter (the "Collection Letter") to Plaintiff. (*Id.* ¶ 34; *see* D.E. No. 1 at 16 ("Compl. Ex. A")).[2] The Collection Letter states:

> This notice is to inform you that your account with VERIZON has been referred to our office for collections.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Calls to or from this company may be monitored or recorded.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.
>
> Sincerely,
>
> Diversified Consultants, Inc.
> PO Box 551268
> Jacksonville, FL 32255-1268
> 800-604-0064

(Compl. Ex. A). At the top, the Collection Letter also lists Plaintiff's name and account number (in redacted form) and the balance due. (*Id.*). In the middle, below the signature block, the

---

[2] "In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider . . . documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim . . . ." *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012).

Collection Letter lists Defendant's toll-free phone number, hours of operation, and website. (*Id.*). And on a cut-off at the bottom, the Collection Letter lists Defendant's address and toll-free phone number, and Plaintiff's account information and the balance due. (*Id.*).

Plaintiff filed the Complaint on November 21, 2017, contending that Defendant violated 15 U.S.C. § 1692g(a) because the Collection Letter "would cause the least sophisticated consumer to become confused as to what she must do to effectively dispute [a] debt" (*id.* ¶ 45; *see also id.* ¶¶ 42–57) (Count I); and that Defendant violated 15 U.S.C. § 1692e(10) by "using [a] false representation or deceptive means to collect or attempt to collect any debt" (*id.* ¶ 59; *see also id.* ¶¶ 58–68) (Count II).

## II.     Legal Standards

### A.     Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." But in order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

Pursuant to the pleading regime established by *Twombly* and *Iqbal*, the Court of Appeals for this Circuit has promulgated a three-pronged test of the sufficiency of a complaint. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court considers "the elements a plaintiff must plead to state a claim." *Id.* Second, the Court abstracts from mere legal conclusions contained in the complaint, which "are not entitled to an assumption of truth." *Id.*

(quoting *Iqbal*, 556 U.S. at 680). That is, a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, cannot "nudge[] [a plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Finally, the Court considers the complaint's remaining well-pleaded factual allegations and "determine[s] whether they plausibly give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679). Throughout this process, the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *See, e.g.*, *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016).

### B. The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" because "[e]xisting laws and procedures . . . [we]re inadequate to protect consumers." *See* 15 U.S.C. § 1692(b) & (e). "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

15 U.S.C. § 1692g(a) requires a debt collector to provide the following information to the debtor:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

"Paragraphs 3 through 5 of section 1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Caprio v. Healthcare Revenue Recovery Gro., LLC*, 709 F.3d 142, 147 (3d Cir. 2013). The validation notice must be "interpreted from the perspective of the least sophisticated debtor" and must not be "overshadowed or contradicted by accompanying messages from the debt collector." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).[3] Under the "least sophisticated debtor" standard, a debt collection communication violates the FDCPA when it can be reasonably read by the least sophisticated debtor "to have two or more different meanings, one of which is inaccurate." *Caprio*, 709 F.3d at 149. The least-sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor" and "protects [even] naive consumers." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). But the least-sophisticated debtor standard "does not go so far as to provide solace to the willfully blind or non-observant;" "and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Caprio*, 709 F.3d at 149. "For example, even the 'least sophisticated debtor' is expected to read any notice in its entirety." *Id.*

When evaluating whether a debt collection letter violates the Section 1692g, courts consider both the "form" and "substance" of the letter. *See, e.g.*, *Caprio*, 709 F.3d at 151 (citing *Wilson*, 225 F.3d at 361). "Substance" is matter of language—such as "please call"—and "form"

---

[3] "[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000).

is a matter of the presentation and context of that language—such as whether it is bolded and where it appears. *See id.*

In *Caprio*, for instance, the Court of Appeals ruled that the language "If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800-984-9115** or write us at the above address" violated Section 1692g because it appeared on the front side of the collection letter—unlike the validation notice, which appeared on the back—and was bolded. *See id.* at 150–52. Further, the telephone number appeared in relatively large font such that "the 'least sophisticated debtor' would take the easier—but legally ineffective—alternative of making a toll-free telephone call to dispute the debt." *See id.* The *Caprio* court observed that that language— "if you feel you do not owe this amount, please call"—"did more than merely ask [the plaintiff] to call or write if 'we can answer any questions.'" *Id.* at 152. And the court distinguished the form and substance of that language from language in a collection letter from an earlier case, which "was presented in the same ordinary font and without any particular emphasis . . . and [included] the required validation notice . . . on the front side of the document." *Id.* at 152.

The FDCPA also prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. More specifically, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is prohibited. 15 U.S.C. §1692e(10). Section 1692e(10) is a "catch-all-type provision." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. 2008). But "[w]hen allegations under 15 U.S.C. §1692e(10) are based on the same language or theories as allegations under 15 U.S.C. §1692g, the analysis of the §1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155 (internal quotation marks and citations omitted).

**III.     Analysis**

   **A.  Count I:  15 U.S.C. § 1692g**

Defendant's primary conclusion is that the Collection Letter complies with Section 1692g of the FDCPA and, under the least-sophisticated debtor standard, did not overshadow or mislead Plaintiff regarding her right to dispute the debt in writing.  (*See* Def. Mov. Br. at 4–12).  More specifically, the Collection Letter "merely provide[d] the consumer with [Defendant]'s telephone number and disclosed that calls to or from the company may be monitored or recorded" but "d[id] not ask the consumer to call [Defendant] whatsoever."  (*Id.* at 4).  Moreover, the Collection Letter "d[id] not include any bold text, italics, or other emphasis on certain text or font, or place extra emphasis or textual prominence on [Defendant's] telephone number."  (*Id.*).

Plaintiff's primary response emphasizes the placement of Defendant's telephone number three times on the Collection Letter and the language "Calls to or from this company may be monitored or recorded."  (*See* Pl. Opp. Br. at 8–9).  Plaintiff also argues that Defendant "inappropriately shift[s] the burden in complying with the FDCPA" apparently because the Collection Letter offers debtors the option to dispute their debts in writing—what Plaintiff calls a "fictitious condition[] precedent" that would require Plaintiff to "dispute the debt, or demand verification, to have a successful FDCPA claim against [Defendant]."  (*See id.* at 9–11).

For the reasons discussed below, the Court rules that the Collection Letter contains the required validation notice under Section 1692g(a) and does not violate Section 1692g in substance or form because it does not "overshadow" or "contradict" the validation notice.  *See, e.g.*, *Graziano*, 950 F.2d at 111; *Wilson*, 225 F.3d at 356.

The Court "begin[s] with the 'substance' of the Collection Letter." *See Caprio*, 709 F.3d at 151.  The Collection Letter does *not* "instruct[] [Plaintiff] to call." *See id.*  The Collection Letter

thus does not, for instance, "instruct[] [Plainitff] to call either a toll-free telephone number or a 24-hour automated customer service number . . . ." *See Laniado v. Certified Credit & Collection Bureau*, 705 F. App'x 87, 90 (3d Cir. 2017). And the Collection Letter does not suggest that a telephone call could be used to dispute a debt—such as by stating, "If you feel you do not owe this amount, please call." *See, e.g.*, *Caprio*, 709 F.3d at 150–52. The Collection Letter simply provides Defendant's telephone number, spaced throughout three times, and states, "Calls to or from this company may be monitored or recorded"[4] in a standalone paragraph. (*See* Compl. Ex. A).

The Court observes that *even an "instruction to call"*—of which there is none here—would not necessarily violate Section 1692g. *See, e.g.*, *Rosa v. Encore Receivable Mgmt., Inc.*, No. 15-2311, 2016 WL 4472951, at *3 (D.N.J. Aug. 23, 2016); *Reynolds v. Encore Receivable Mgmt., Inc.*, No. 17-2207, 2018 WL 2278105, at *4 (D.N.J. May 18, 2018) ("The Court agrees with Judge Shipp's reasoning in *Rosa*."), *appeal dismissed sub nom. Reynolds v. Encore Receivable Mgmt. I*, No. 18-2269, 2018 WL 6536133 (3d Cir. Oct. 25, 2018). And "merely provid[ing] the consumer with . . . contact information" such as a telephone number—as the Collection Notice does do here—*does not violate Section 1692g*. *See, e.g.*, *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 WL 638748, at *6 (D.N.J. Jan. 31, 2018).

With respect to the "form" of the Collection Letter, the Court observes that *none* of the factors that informed the *Caprio* court's decision are present here: neither an exhortation to "call" nor Defendant's telephone number is "printed in bold" on the Collection Letter; Defendant's telephone number does not appear anywhere on the Collection letter in relatively "larger font;" Defendant's "mailing address [does not] only appear[] in the letterhead" of the Collection Letter; and the validation notice is not "relegated to the back side of the Collection Letter." *See Caprio*,

---

4     The Court notes that it has no occasion to consider Florida law. (*See, e.g.*, Pl. Opp. Br. at 15–16).

709 F.3d at 151–52; *see also Wilson*, 225 F.3d at 352–53 (rejecting a claim under Section 1692g when "all three paragraphs" of the relevant collection letter were "printed in the same font, size and color type-face"); *Reizner v. Nat'l Recoveries, Inc.*, No. 17-2572, 2018 WL 2045992, at *9 (D.N.J. May 2, 2018) ("There is no language emphatically instructing Plaintiff to contest the debt by telephone. The validation notice is not on the backside of the letter in grey typeface."). Furthermore, the factors that led the *Caprio* court to distinguish an earlier case in which a collection letter was upheld—such as the fact that the "validation notice appeared on the [relevant] front side of the document"—are present here. *See Caprio*, 709 F.3d at 152–53.

For those reasons, the Collection Letter "ultimately does not overshadow or contradict, even when viewed from the perspective of the least sophisticated debtor." *See Cruz v. Recoveries*, No. 15-0753, 2016 WL 3545322, at *4 (D.N.J. June 28, 2016), *appeal dismissed sub nom. Cruz v. Fin. Recoveries*, No. 16-3017, 2016 WL 11262517 (3d Cir. Nov. 16, 2016).

The Court also rejects Plaintiff's argument that—apparently because the Collection Letter offers debtors the option to dispute their debts in writing—Defendant "inappropriately shift[ed] the burden in complying with the FDCPA." (*See* Pl. Opp. Br. at 2 & 9–10). In *Wilson*, for instance, the collection letter used almost the exact same language as the Collection Letter here;[5] but there, the Court of Appeals ruled that "neither the form nor the substance of [the] letter overshadowed or contradicted the validation notice." *See, e.g.*, *Wilson*, 225 F.3d at 352 & 361.

---

[5] *Compare Wilson*, 225 F.3d at 352 ("Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor."), *with* Compl. Ex A.

B.     Count II: 15 U.S.C. § 1692e(10)

Plaintiff's Section 1692e(10) claim is premised on the same allegations as her Section 1692g claim. (*See, e.g.*, Compl. ¶ 58 ("Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were here set forth at length.")). But "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155 (internal quotations and citations omitted). "Because Plaintiff cannot prevail on her claim under Section 1692g, Plaintiff likewise cannot proceed under Section 1692e(10)." *See, e.g.*, *Cruz*, 2016 WL 3545322, at *4; *Reizner*, 2018 WL 2045992, at *10 ("The Court finds that the letter does not violate Section 1692g(a) and, as result, it also does not violate Section 1692e(10).").

IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss: The Compliant is DISMISSED *without prejudice*. To the extent Plaintiff can cure any deficiencies identified in the Court's Opinion, Plaintiff may do so within thirty days in an amended complaint. But "application for dismissal . . . may be made if a timely amendment is not forthcoming within that time." *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (per curiam)). **And a failure to amend within thirty days or to cure the deficiencies identified in the Court's Opinion will result in a dismissal *with prejudice*.** An appropriate Order accompanies this Memorandum.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**